**In the Matter of the Application for Disciplinary Action Against Lael L. SCHMIDT A Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD, Petitioner,**

v.

**Lael L. SCHMIDT, Respondent.**

Nos. 930221 & 930222.

Supreme Court of North Dakota.

Sept. 20, 1993.

**ORDER FOR DISCIPLINE**

On July 7, 1993, the Disciplinary Board of the Supreme Court filed its Report, which incorporated the findings and recommendations of the Hearing Body. The Disciplinary Board requested this Court to discipline Lael

L. Schmidt, a member of the Bar of North Dakota since October 10, 1984, for conduct in his representation of Mr. Stuart A. Nelson and his management of the Nelson, Kalash Schmidt, Grossman, and Mastel, P.C., law firm.

In his representation of Mr. Nelson, Mr. Schmidt agreed to prepare a stipulation regarding his client's child support obligation and was given three weeks preparation time by the judicial referee. After approximately eight months, Mr. Nelson hired another attorney who proceeded on his behalf. Mr. Schmidt was requested by the trial court to provide an explanation for his actions; he did not. The Hearing Body found violations of Rule 1.3 and 1.4, Rules of Professional Conduct (RPC), which require an attorney to act with reasonable diligence and promptness in representing a client and to make reasonable efforts to keep a client informed and promptly comply with client requests.

Mr. Schmidt, as managing partner for Nelson, Kalash, Schmidt, Grossman, and Mastel, P.C., was responsible for the trust account. Mr. Schmidt commingled personal funds with trust account funds and kept inadequate trust account records. The Hearing Body found Mr. Schmidt's conduct relating to the law firm and its trust account to be professional misconduct under Rule 1.15, RPC, which requires the safekeeping of property. The Hearing Body further found that such misconduct only relates to the improper safekeeping of client's property because Rule 1.15, RPC, does not apply when an attorney holds property for his law firm or members of the law firm while managing the trust account.

Both matters were brought before a Hearing Body of the Disciplinary Board pursuant to Stipulation filed by Mr. Schmidt and Ms. Vivian E. Berg, Disciplinary Counsel. In the Stipulation, Mr. Schmidt, in addition to the above conduct, admitted that he was involved in a prior disciplinary proceeding and was on one year's probation commencing August 9, 1991. Mr. Schmidt further acknowledged that the *Nelson* complaint arose during his probation and was a breach of the conditions of probation.

The Hearing Body also found that mitigating factors under Standard 9.32 of the North Dakota Standards for Imposing Lawyer Sanctions (Standards) existed, including personal or emotional problems Mr. Schmidt was experiencing at the time. Mr. Schmidt made a timely good faith effort to make restitution or correct the consequences of his misconduct. Mr. Schmidt made full and free disclosure to the Disciplinary Board and was cooperative during the proceedings. Mr. Schmidt was an attorney generally of good character and reputation but was suffering from a mental disability or impairment. Mr. Schmidt was carrying on interim rehabilitation.

The Hearing Body submitted its Report to the Disciplinary Board of the Supreme Court at its regularly scheduled meeting on June 30, 1993, which was unanimously adopted. The Disciplinary Board filed its Report with the Supreme Court for consideration under Rule 3.1(F), NDPRLDD. On August 18, 1993, a Stipulation and Consent to Discipline signed by Lael L. Schmidt and Vivian E. Berg, Disciplinary Counsel, was filed with the Supreme Court, consenting to the discipline recommended by the Hearing Body and accepted by the Disciplinary Board. The Court considered the matter, and

ORDERED, that the Report of the Disciplinary Board dated June 30, 1993, and the Stipulation filed August 18, 1993, be accepted and that Mr. Schmidt be suspended from the practice of law in this State for 30 days from the date of this Order. After Mr. Schmidt's period of suspension expires, he must demonstrate rehabilitation and fitness to practice law by filing, with his affidavit under Rule 4.5(B), NDPRLDD, appropriate written proof, such as medical reports, establishing that he has successfully completed his treatment for depression and that he is mentally sound and fit to practice law. Failure to

comply with this condition shall be grounds for reconsideration and imposition of further sanctions.

IT IS FURTHER ORDERED, that Mr. Schmidt pay restitution in the amount of $1,700 to Stuart A. Nelson.

IT IS FURTHER ORDERED, that Mr. Schmidt pay the costs and expenses of the disciplinary proceedings in the amount of $2,564.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.