1997 ND 132

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Lael L. SCHMIDT, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,**

v.

**Lael L. SCHMIDT, Respondent.**

**Nos. 970143–970149.**

Supreme Court of North Dakota.

July 16, 1997.

## ORDER OF DISBARMENT

On February 12, 1997, Lael L. Schmidt was served with a Summons and Petition for Discipline; he did not answer the Summons and Petition and the charges were deemed admitted under Rule 3.1(E)(2), NDRLD. The matter was referred to a Hearing Body of the Disciplinary Board. The Hearing Body filed its Report with the Disciplinary Board on April 3, 1997, stating Schmidt's actions violated the Rules of Professional Conduct and the Rules for Lawyer Discipline and finding the following:

1. In August 1995, Schmidt was hired to represent Brian Barthol in a visitation matter and was paid a $100 retainer. Schmidt did not serve the motion to amend until October 1995 and never filed the motion with the trial court. Schmidt failed to proceed with the matter. (Supreme Court No. 970143).

2. In February 1996, Schmidt was hired by Kimberly and Kevin Ferguson to do a bankruptcy proceeding and was paid $475. As requested, the Fergusons completed and returned the necessary information to Schmidt; he advised them that the matter would take about 90 days and that he would call them about a court date. Schmidt did not contact the Fergusons nor, after their repeated attempts to contact him, did he ever return their calls. Schmidt has not provided an accounting of the funds paid to him by the Fergusons and has converted the money to his own use. Schmidt did not respond to the inves-tigation of the Inquiry Committee East. (Supreme Court No. 970144).

3. In 1995, Howard Webb hired Schmidt to represent him in a divorce action and paid him $150. Schmidt obtained an ex parte interim order for Webb and filed a summons and complaint but no proof of service. The parties entered into a stipulation; Webb filed the stipulation and received a hearing date. The trial court continued the matter for several days and Webb finally hired another lawyer. In preparing the stipulation, Schmidt left out several statutory requirements that were corrected at the hearing. Schmidt did not respond to the investigation of the Inquiry Committee East. (Supreme Court No. 970145).

4. In about September 1995, Deborah M. Smith, a former secretary and legal assistant to Schmidt, contacted him about representing her in a child support modification action; he had previously represented her on a separation, divorce and other modification. Schmidt agreed to represent her and she paid $100 retainer. Since Smith had previously worked for Schmidt, they agreed that the cost would be reduced; she would prepare the documentation, on computer disk and send the changes and her comments to Schmidt, which she did. Schmidt was to send Smith copies of the Amended Judgment for her to review; after repeated contacts and assurances to Smith that she need not hire a different attorney, a copy of the Amended Judgment was forwarded to her. Smith reviewed the amendments and faxed her comments back to Schmidt. Thereafter, Schmidt told Smith that her ex-husband was served by certified mail but that her ex-husband did not respond; however, Schmidt could not produce proof of service. On May 6, 1996, Schmidt further told Smith that a hearing had been set for June 28, 1996. Smith repeatedly attempted to contact Schmidt with additional concerns about visitation. Smith then contacted the clerk of the trial court and learned that no papers had been filed. On June 12, 1996, Schmidt discussed rescheduling the hearing with Smith because her ex-husband had not responded to the matter. Subse-

quently, Smith urgently tried to contact Schmidt with concerns that her ex-husband would not return the children after visitation. Smith's records do not show that Schmidt responded to her calls; there has been no further contact to reschedule the hearing or to offer an explanation. (Supreme Court No. 970146).

Again, on March 17, 1997, Schmidt, was served with a separate Summons and Petition for Discipline; he did not answer the Summons and Petition and the charges were deemed admitted under Rule 3.1(E)(2), NDRLD. The matter was referred to a Hearing Body of the Disciplinary Board. The Hearing Body filed its Report with the Disciplinary Board on April 21, 1997, stating Schmidt's actions violated the Rules of Professional Conduct and the Rules for Lawyer Discipline, and finding the following:

1. The facts of the first complaint are identical to those contained in the Webb matter described above. (Webb II; Supreme Court No. 970147).

2. Schmidt represented Odile Fail in an action in Minnesota and signed and filed an Answer and Brief in Minnesota District Court, Third Judicial District. Schmidt was not licensed to practice law in Minnesota and had no local counsel as required by the Minnesota rules but showed Attorney Thomas V. Omdahl as of counsel without Attorney Omdahl's consent or permission. Schmidt failed to appear at a settlement conference. It was called to the Judge's attention that Schmidt was not licensed to practice law in Minnesota; and therefore, the Judge gave Odile Fail additional time to respond. Schmidt did not communicate with his client concerning the hearing, his failure to appear or his inability to practice law in Minnesota, thereby, abandoning his client. (Supreme Court No. 970148).

3. Schmidt represented Jonathan McGovern in a bankruptcy matter; McGovern paid Schmidt $300 for his fee and $175 for a filing fee. Schmidt did not file McGovern's bankruptcy petition which lead to creditors contacting McGovern, McGovern spending a great deal of time and money trying to contact Schmidt, and brought McGovern under the scrutiny of the military. Schmidt further informed a creditor's employee that he had filed a petition in bankruptcy for McGovern when he knew this information was false. Moreover, Schmidt did not deposit McGovern's funds into a trust account but converted them to his own use. Schmidt appeared before the Inquiry Committee East under Subpoena to Appear and Produce Documents but did not produce the documents subpoenaed. (Supreme Court No. 970149).

The Hearing Body filed its separate Reports with the Disciplinary Board, recommending disbarment of Schmidt and that he pay the costs and expenses of the disciplinary proceedings in the amount of $1,209.05 for the Barthol, Ferguson, Webb and Smith matters, and $350.00 for the Webb II, Fail and McGovern matters. The Disciplinary Board adopted the Reports of the Hearing Body and filed its separate Reports with the Supreme Court on May 21, 1997, for consideration under Rule 3.1(G), NDRLD. No objections to the Reports of the Disciplinary Board were filed by Schmidt or Disciplinary Counsel.

The Supreme Court considered these matters and finds Schmidt's actions violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5 (fees); 1.15 (safekeeping of property), 1.16 (declining or terminating representation), 5.5(a) (unauthorized practice of law) and 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority), NDRPC. Schmidt's actions constitute conduct involving dishonesty, fraud, deceit or misrepresentation and are grounds for discipline under Rule 1.2(A)(3), NDRLD.

Schmidt engaged in a pattern of neglect with respect to client matters and he knowingly deceived clients with the intent to benefit himself and thereby caused serious or potentially serious injury to clients for which disbarment is an appropriate sanction. Standards 4.41(a) and 4.61, North Dakota Standards for Imposing Lawyer Sanctions (NDSILS). Schmidt has been previously disciplined for the same or similar misconduct which constitutes an aggravating factor

**410**

under Standard 9.22(a), NDSILS. (April 28, 1995 reprimand by the Disciplinary Board for violations of Rule 1.3, NDRPC and Rule 1.2(A)(3), NDRLD; 30–day suspension by the Supreme Court for violations of Rules 1.3 and 1.4, NDRPC, *Disciplinary Board v. Schmidt,* 505 N.W.2d 749 (N.D.1993)). Other aggravating factors exist under standards 9.22(c) (a pattern of misconduct) and (d) (multiple offenses), NDSILS. Schmidt's prior discipline has been ineffective in deterring further misconduct. Therefore, it is

**ORDERED**, that the Reports of the Disciplinary Board are accepted and Lael L. Schmidt, a member of the Bar of North Dakota, is **DISBARRED** effective August 1, 1997.

**IT IS FURTHER ORDERED**, that Lael L. Schmidt provide proof of compliance with Rule 6.3, NDRLD, within 10 days after the effective date of this Order.

**IT IS FURTHER ORDERED**, that Lael L. Schmidt pay the costs and expenses of the separate disciplinary proceedings for a total amount of $1559.05, payable to the Secretary of the Disciplinary Board.

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

/s/ William A. Neumann
William A. Neumann
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring
/s/ Justice